John G. ALLMAN, T. Ronald Gosling, Claudia Kiessel, Larry Alan Higley, Carolyn R. Cauley, Carl Rosenberg, Irwin Wolf, Richard Hess, Thomas R. Karrenberg, David E. Sharpe, Nancy Patterson, Ivan Sommer, Albert Stultz, Niel J. Johnson and Martin S. Lerner, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

PHILIP MORRIS, INC., Liggett Group, Inc., The American Tobacco Co., Inc., R.J. Reynolds Tobacco Co., U.S. Tobacco Co., Brown & Williamson Tobacco Corp., Lorillard Tobacco Co., Hill & Knowlton, Inc., Tobacco Institute, Inc., and Council for Tobacco Research, Defendants.

No. 94–0504–IEG (CM).

United States District Court, S.D. California.

Sept. 22, 1994.

William S. Lerach, Patrick J. Coughlin, Alan M. Mansfield, Randi D. Weinberger, Jeffrey D. Light, Travis E. Downs III, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA, Melvyn I. Weiss, Patricia Hynes, Milberg Weiss Bershad Hynes & Lerach, New York City, for plaintiffs Larry Alan Higley, Carolyn R. Cauley, Carl Rosenberg, Irwin Wolf, Richard Hess, Thomas R. Karrenberg, David E. Sharpe, Nancy Patterson, Ivan Sommer, Albert Stultz, Niel J. Johnson, Martin S. Lerner, John G. Allman, David Cummis, Claudia Kiessel, on behalf of herself and all others similarly situated, T. Ronald Gosling, on behalf of himself and all others similarly situated.

Mark C. Mazzarella, Frederick W. Kosmo, Jr., Mazzarella Dunwoody Wilson and Petty, San Diego, CA.

Bruce G. Merritt, Selina K. Lozier, Debevoise and Plimpton, Los Angeles, CA.

Christopher Norgaard, Mudge Rose Guthrie Alexander and Ferdon, Los Angeles, CA.

Maurice A. Leiter, Andrew C. Callari, Richard A. Ward, Arnold and Porter, Los Angeles, CA.

Gerald L. McMahon, James B. Franklin, Susan K. Milliken, Seltzer Caplan Wilkins & McMahon, San Diego, CA, for defendant Philip Morris, Inc.

Andrew S. Friedman, Bonnett Fairbourn Friedman Heinton Miner and Fry P.C., Phoenix, AZ.

Alfred G. Yates, Jr., Alfred G. Yates, Jr., & Associates, Pittsburgh, PA.

Robert N. Kaplan, Frederic S. Fox, Kaplan Kilsheimer and Fox, New York City.

Steven W. Berman, Hagens and Berman, Seattle, WA.

Stephen E. Cauley, Wright and Bonds, Little Rock, AK.

Richard A. Daynard, Tobacco Products Liability Project, Boston, MA.

Richard S. Schiffrin, Schiffrin and Craig, Ltd., Bala Cynwyd, PA.

Patrick R. Frega, Patrick R. Frega, Counselor at Law, San Diego, CA.

Glenn J. Pogust, Chester J. Wrobleski, Barry Schaevitz, Jacob Medinger and Finnegan, New York City.

David H. Patterson, David Patterson and Associates, Pittsburgh, PA.

Alan Caplan, Bushnell Caplan & Fielding, San Francisco, CA.

Robert G. Steiner, Christopher J. Healey, Luce Forward Hamilton and Scripps, San Diego, CA.

Robert C. Wright, Joseph T. Ergastolo, Wright and L'Estrange, San Diego, CA.

William T. Plesec, Robert C. Weber, Jones Day Reavis and Pogue, Cleveland, OH.

Elwood G. Lui, Scott D. Bertzyk, Jones Day Reavis and Pogue, Los Angeles, CA.

Meryl L. Young, J. Mark Dunbar, Gibson Dunn and Crutcher, San Diego, CA.

Michael C. Lasky, Samuel L. Barkin, Davis and Gilbert, New York City.

Steven Klugman, Debevoise and Plimpton, New York City.

M. James Lorenz, Cyril J. Dantchev, Lorenz Alhadeff Cannon and Rose, San Diego, CA.

R. Laird Hart, Covington and Burling, Washington, DC.

R.J. Coughlan, Jr., Michael L. Lipman, Duane Tyler, Coughlan Semmer and Lipman, San Diego, CA.

Michael J. Weaver, Timothy B. Taylor, Carrie Battilega, Sheppard Mullin Richter & Hampton, San Diego, CA, Gary R. Long, William L. Allinder, Billy R. Randles, Shook Hardy & Bacon, Kansas City, MO, for defendant Brown and Williamson Tobacco Corp.

Sterling Hutcheson, William S. Boggs, Brian Foster, Gray Cary Ware & Freidenrich,

San Diego, CA, Gary R. Long, William L. Allinder, Billy R. Randles, Shook Hardy and Bacon, Kansas City, MO, for defendant Lorillard Tobacco Co.

Robert Schachter, Zwerling Schachter and Zwerling, New York City.

Mary T. Yelenick, Chadbourne and Parke, New York City.

Steven D. McCormick, Kirkland and Ellis, Chicago, IL.

## ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

GONZALEZ, District Judge.

The consolidated motions to dismiss brought by all defendants and the motion to dismiss brought by defendant, The Council for Tobacco Research, came on regularly for hearing on September 19, 1994, at 10:30 a.m., in Courtroom 11 of the above-entitled court, the Honorable Irma E. Gonzalez presiding. William S. Lerach, Patrick J. Coughlin, and Randi D. Weinberger of the law firm of Milberg Weiss Bershad Hynes & Lerach appeared on behalf of plaintiffs. Maurice Leiter of the law firm of Arnold & Porter and Gerald L. McMahon of the law firm of Seltzer Caplan Wilkins & McMahon appeared on behalf of all defendants. Bruce G. Merritt of the law firm of Debevoise & Plimpton appeared on behalf of defendant The Council for Tobacco Research ("CTR").

This case is brought by several named plaintiffs who seek to represent a class of individuals who have become addicted to cigarettes and either have been prescribed, or may be prescribed in the future, a nicotine transdermal system, or "Nicotine Patch." Plaintiffs allege that defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by conspiring to falsely advertise their cigarette products and conceal their addictive nature; adding levels of nicotine designed to make the products addictive; and causing health problems and increased health risks to plaintiffs. The injury alleged is the expense of purchasing the Nicotine Patch and additional medical treatment for plaintiffs' addictions.

All defendants have brought a consolidated motion to dismiss the entire complaint in this action. CTR has also brought a separate motion to dismiss plaintiffs' second claim for relief. The Court will first address the consolidated motion to dismiss.

## I. Motion to Dismiss

 Under Federal Rule of Procedure 12(b)(6), the Court may dismiss an action for failure to state a claim upon which relief can be granted. In considering a motion to dismiss pursuant to Rule 12(b)(6), all allegations of material fact alleged in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

Defendants assert plaintiffs' entire complaint must be dismissed because plaintiffs have failed to state a claim under RICO, 18 U.S.C. § 1961 *et seq.* Defendants contend that a critical flaw in plaintiffs' complaint is that plaintiffs have not alleged an injury to their "business or property" as required by 18 U.S.C. § 1964(c). If defendants are correct, plaintiffs are precluded from maintaining this action under RICO. Therefore, the Court will first address this issue.

## II. Injury to Business or Property

 18 U.S.C. § 1964(c) authorizes private, civil lawsuits under RICO. To bring a claim under § 1964(c), a plaintiff must have suffered injury to his "business or property." RICO does not apply to claims for personal injury. *See, e.g., Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785–86 (9th Cir.) *(en banc), cert. denied,* —— U.S. ——, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992).

Here, defendants claim plaintiffs have alleged only personal injuries suffered due to their addiction to nicotine, and that they have failed to allege injury to business or property within the meaning of 18 U.S.C. § 1964(c).

Plaintiffs respond that they do not seek damages for their addiction, for pain and suffering, for fear of cancer, or for other *personal* injuries. Rather, plaintiffs seek only damages for the out-of-pocket expenses they incurred in treating their addictions, specifically the cost of the Nicotine Patch and related medical expenses. Plaintiffs contend this is an injury to property.

Although theoretically it is not always easy to distinguish a personal injury from an injury to property, for the purposes of bringing an action under RICO the courts have been clear that even the economic consequences of personal injuries are not compensable under RICO. *See Doe v. Roe,* 958 F.2d 763, 770 (7th Cir.1992). The phrase "injury to business or property" has restrictive significance. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). The Supreme Court has made clear that this phrase does not include personal injuries suffered. *Id.* In this case, although plaintiffs characterize the injury as pecuniary and thus an injury to their property, the Court is unable to ignore that the core injury alleged in the complaint is addiction to nicotine. Plaintiffs have incurred the costs of the Nicotine Patch and other medical expenses as a direct result of their addictions. Such pecuniary consequences of personal injuries are not recoverable under RICO.

The federal courts that have addressed this question have all held that Congress intended the "business or property" language to exclude civil RICO actions seeking recovery of expenses resulting from personal injury. For example, in *Genty v. Resolution Trust Corp,* 937 F.2d 899, 918 (3rd Cir.1991), cited favorably by the Ninth Circuit in *Oscar v. University Students Co–op Ass'n,* the court held that plaintiffs could not recover under RICO for medical expenses incurred for treatment of illnesses caused by a toxic waste dump. The court found that precluding such a claim under RICO was consistent with Congress' intent in enacting RICO, which was to thwart the organized criminal invasion and acquisition of legitimate business enterprises and property. *Genty,* 937 F.2d at 918.

Other courts have similarly held that physical injuries are not compensable under RICO, even if plaintiffs incurred financial expenses as a result. *See, e.g., Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 644 (6th Cir. 1986) (wrongful death action not permitted under RICO); *Frogner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 1983 Fed.Sec. L.Rep. (CCH) ¶ 99,504, 1983 WL 1363 (N.D.Cal. Sept. 26, 1983) (medical expenses are not injury to "business or property" for purposes of § 1964(c)); *Munson v. Eli Lilly and Co.,* 1987 WL 20383 (D.Minn.1987) (money paid to treat or cure injury caused by defendant's product not injury to business or property and not compensable under RICO).

As the Eleventh Circuit recognized in *Grogan v. Platt,* 835 F.2d 844, 847 (11th Cir. 1988), cases involving bodily injury, injury to reputation, mental or emotional anguish, or the like, all cause some financial loss. Had Congress intended to create a federal treble damages remedy for cases involving such claims, it could have enacted a statute referring to injury generally, without any restrictive language. Significantly, plaintiffs have not cited *any* cases which permit recovery under RICO for medical expenses resulting from personal injury.[1]

■ Plaintiffs attempt to save their claim by contending that under California law,

---

1. At the hearing on this motion, plaintiffs cited several cases which are easily distinguishable. For example, plaintiffs cited *Hunt v. Weatherbee,* 626 F.Supp. 1097 (D.Mass.1986) to support their position that damages suffered due to personal injuries are compensable under RICO. However, *Hunt* involved a claim for lost wages. The court there found only that loss of employment constitutes injury to business or property and is thus compensable under RICO. The court specifically distinguished employment claims from claims for personal injury. *See Hunt,* 626 F.Supp. at 1100–01.

Plaintiffs also rely upon *Prudential Insurance Co. v. U.S. Gypsum Co,* 828 F.Supp. 287 (D.N.J. 1993), in which owners of buildings brought an action against asbestos manufacturers under RICO for the cost of removing asbestos from their buildings. However, there was no dispute in that case that the plaintiffs suffered injury to their property. The plaintiffs did not claim personal injury caused by asbestos or medical expenses resulting therefrom. Thus, this case is inapposite.

money is considered "property," and therefore, the cost of purchasing a Nicotine Patch should be treated as an injury to property for purposes of § 1964(c). Although plaintiffs are correct in their assertion that whether a particular interest is considered property is usually a question of state law, *see Logan v. Zimmerman Brush Co*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982), the Court will not adopt a state interpretation of "property" that will contravene Congress' intent in enacting RICO. *Doe v. Roe*, 958 F.2d 763, 768 (7th Cir.1992).

Accordingly, the Court finds that plaintiffs' claim under § 1964(c) must fail because the complaint does not allege an injury to business or property. Plaintiffs therefore lack standing to bring a civil suit under RICO and the entire complaint must be **DISMISSED WITH PREJUDICE.** CTR's Motion to Dismiss the Second Claim for Relief is **MOOT.**

**IT IS SO ORDERED.**