964 F.Supp. 164 (1997)
Shirley EHRICH; Florence Kessel, as executrix and administrator for the estate of Jerold Kessel; Shiela Lederman; and Gerald T. Lederman, Plaintiffs,
v.
B.A.T. INDUSTRIES P.L.C.; Brown & Williamson Tobacco Corporation; American Tobacco Co., Inc.; BATUS Inc.; BATUS Holdings, Inc.; Council For Tobacco Research-USA, Inc, as successor to Tobacco Industry Research Committee; Tobacco Institute, Inc.; R.J. Reynolds Tobacco Co.; RJR Nabisco, Inc.; Shook & Hardy, P.A.; American Brands, Inc.; Philip Morris Companies, Inc.; Philip Morris, Inc. Lorillard Corp.; and Jacob, Medinger, Finnegan and Hart, Defendants.
Civil Action No. 96-4318 (JAG).
United States District Court, D. New Jersey.
May 28, 1997.
*165 Alan E. Kraus, Jeffrey M. Siminoff, Riker, Danzig, Scherer, Hyland & Peretti, Morristown, NJ (Stephen J. Kaczynski, Brit K. Dietrichs, Jones, Day, Reavis & Pogue, Cleveland, OH, of counsel), for R.J. Reynolds Tobacco Company.
Michael J. Vassalotti, Stephen J. DeFeo, Brown & Connery, Westmont, NJ (Arthur H. Rainey, John J. Haggerty, Christopher J. Michie, Dechert, Price & Rhoads, Philadelphia, PA, of counsel), for Philip Morris Incorporated.
Michael Dore, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, NJ (Steve Michaels, Debevoise & Plimpton, New York City, of counsel), for Council for Tobacco Research-USA, Inc.
Russell L. Hewit, Dughi & Hewit, P.C., Cranford, NJ, for Tobacco Institute, Inc.
William C. Slattery, Slattery, McElwee & Jesperson, P.C., Short Hills, NJ (Daniel J. O'Neill, Chadbourne & Parke, L.L.P., New York City, of counsel), for Brown & Williamson Tobacco Corporation.
Charles M. Lizza, William S. Tucker, Leboeuf, Lamb, Greene & Macrae, Newark, NJ (Billy R. Randles, David M. Woods, Robert E. Northrip, Shook, Hardy & Bacon, Kansas City, MO, of counsel), for Lorrillard Tobacco Company.
William C. Carey, Michael A. Hammer, McElroy, Deutsch & Mulvaney, Morristown, NJ (Edward B. Deutsch, McElroy, Deutsch & Mulvaney, Morristown, NJ, of counsel), for Jacob, Medinger & Finnegan. (Brendan W. Sullivan, Gerson A. Zweifach, George A. Borden, Williams & Connelly, Washington, DC, of counsel), for Shook, Hardy & Bacon, LLP.
Steven M. Kramer & Associates, New York City, Steven M. Kramer, Wayne, NJ, for plaintiffs.

OPINION
GREENAWAY, District Judge.
This matter comes before the Court on the joint motion for dismissal of defendants Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Council for Tobacco Research-USA, Inc. (successor to Tobacco Industry Research Committee), Tobacco Institute, Inc., R.J. Reynolds Tobacco Company, Philip Morris Incorporated, Lorillard Tobacco Company, and the law firm of Jacob, Medinger & Finnegan[1], pursuant to Fed.R.Civ.P. 12(b)(6)[2] and 9(b)[3]. The Court did not hear oral argument. Fed.R.Civ.P. 78. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 (1993).[4]

INTRODUCTION
Plaintiffs, Shirley Ehrich, Florence Kessel[5], Shiela Lederman and Gerald Lederman, filed the complaint in this action in United States District Court, District of New Jersey, on September 16, 1996.
Named defendants are Philip Morris, Inc., Philip Morris Companies, Inc., The Council for Tobacco Research-USA, Inc., Tobacco *166 Institute, Inc., The American Tobacco Company, Inc., American Brands, Inc., B.A.T. Industries, P.L.C., Brown and Williamson Tobacco Corporation, BATUS, Inc., BATUS Holdings, Inc., R.J. Reynolds Tobacco Company, and RJR Nabisco, Inc.. Also named are the law firms of Shook and Hardy, P.A., and Jacob, Medinger, Finnegan and Hart.
Plaintiffs claim that they are addicted to nicotine, that as a result of their addiction to nicotine they continue to smoke cigarettes, and that as a result of their smoking cigarettes they have contracted various diseases. For example, Ms. Ehrich now suffers from "non-small cell adeno carcinoma and multiple tumors on both lungs"; the late Mr. Kessel suffered from lung cancer; Ms. Lederman continues to suffer from lung cancer; and Mr. Lederman claims loss of consortium. Plaintiffs characterize their claims as damages to property including wages, medical expenses, cost of tobacco, costs incurred in attempting to quit smoking, and other expenses, caused by "defendant's scheme to addict."
Count One of plaintiffs' complaint alleges that defendants violated 18 U.S.C. §§ 1961-68 (1984 & Supp.1997), the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiffs also allege the following common law claims: fraud (Count Two); civil conspiracy (Count Three); negligence (Count Four); violation of the New Jersey Consumer Affairs Act of 1971 (Count Five); negligent misrepresentation (Count Six); strict liability (Count Seven).
Defendants now move to dismiss the federal RICO claim as well as plaintiffs' common law and statutory claims.

DISCUSSION

A. Standard For Dismissal

Upon a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of the complaint are presumed to be true and all inferences must be drawn in the plaintiffs' favor and against the defendants. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A motion under Rule 12(b)(6) should be granted where it appears beyond any doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-250, 109 S.Ct. 2893, 2905-2906, 106 L.Ed.2d 195 (1989).

B. The Federal RICO Claim

Section 1964(c) of RICO provides for civil remedies as follows:
(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.
18 U.S.C 1964(c). "The phrase `business or property' retains restrictive significance. It would for example exclude personal injuries suffered." Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). Applying this rationale, courts have concluded that, "RICO plaintiffs may recover damages for harm to business and property only, not [personal injury]." Genty v. Resolution Trust Corp., 937 F.2d 899, 918-19 (3rd Cir.1991) (medical expenses incurred in treatment of illnesses caused by toxic waste were not recoverable under RICO); Drake v. B.F. Goodrich Co., 782 F.2d 638, 644 (6th Cir.1986) (damages for physical injury and wrongful death resulting from exposure to toxic waste were not recoverable under RICO); see also Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785-86 (9th Cir.1992) ("[I]t is clear that personal injuries are not compensable under RICO").
Recognizing that Congress enacted RICO with the "specific intention to thwart the organized criminal invasion and acquisition of legitimate business enterprises and property," the Court of Appeals for the Third Circuit, as well as other federal courts, have refused to extend recovery under RICO beyond Congress' clear language limiting recovery to injuries to business and property. Genty, 937 F.2d at 918; see also Allman v. Philip Morris, Inc., 865 F.Supp. 665, 668 (S.D.Cal.1994) (citing Genty). Indeed,
the proper reading of § 1964(c) is that plaintiffs may recover only for business or property damages that are sustained. This is not only a fair reading of the language but also recognizes that RICO *167 was designed to eliminate pernicious commercial practices.
Cuzzupe v. Paparone Realty Co., 596 F.Supp. 988, 991 (D.N.J.1984).
In response to defendants' motion to dismiss, plaintiffs assert that their claim does not seek personal injury damages under RICO. Plaintiffs maintain that their RICO claim seeks only "expenses incurred ... by defendants' scheme to addict."
As the court in Allman held, monetary expenses that are incurred as the direct result of a physical addiction to nicotine do not constitute an injury to business or property within the meaning of 18 U.S.C. § 1964(c). 865 F.Supp. at 667-68. In Allman, plaintiffs sought damages "only for the out-of-pocket expenses they incurred in treating their addictions, specifically the cost of the Nicotine Patch and related medical expenses." Id. at 668. The court rejected plaintiffs' RICO claim, finding that the "core injury alleged in the complaint is addiction to nicotine," which constituted a non-compensable physical injury. Id. In the instant case, plaintiffs' core injuries are medical in nature (i.e., nicotine addiction, carcinoma and lung tumors, and lung cancer), not proprietary, and any incidental financial consequences do not give rise to a claim under 18 U.S.C. § 1964(c). Accordingly, plaintiffs RICO claim is dismissed.

C. Federal Jurisdiction

Finally, the parties have not alleged any basis for this Court to exercise its jurisdiction aside from the federal RICO claim. The remaining claims are grounded in state law and the parties are not diverse. This Court declines to exercise supplemental jurisdiction over the remaining state law claims. The balance of the original complaint is dismissed for lack of federal jurisdiction.[6]See 28 U.S.C. § 1367(c)(3) (1993); see also Pennsylvania Nurses Ass'n v. Penn. State Educ. Ass'n, 90 F.3d 797, 801 (3rd Cir.1996) (explaining that the discretionary language of 28 U.S.C. § 1367(c)(3) permits a district court to decline to exercise supplemental jurisdiction over state claims where it has dismissed all claims over which it has original jurisdiction).

CONCLUSION
For the reasons stated above, defendants' motion to dismiss Count One (1) of plaintiffs' complaint (the federal RICO claim), is granted. In addition, since this Court declines to exercise supplemental jurisdiction over the remaining state common law claims, defendants' motion to dismiss Count Two (2) (fraud), Count Three (3) (civil conspiracy), Count Four (4) (negligence), Count Five (5) (violation of the New Jersey Consumer Protection Act), Count Six (6) (negligent misrepresentation) and Count Seven (7) (strict liability), is granted.

ORDER
This matter having been opened to the Court by attorneys for defendants Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Council for Tobacco Research-USA, Inc. (successor to Tobacco Industry Research Committee), Tobacco Institute, Inc., R.J. Reynolds Tobacco Company, Philip Morris Incorporated, and Lorillard Tobacco Company, and the Court having considered the submissions of the parties, and good cause appearing,
IT IS on this 27th day of May, 1997,
ORDERED that defendants' motion to dismiss Count One (1) of plaintiffs' complaint (the federal RICO claim) pursuant to Fed. R. Civ. P. 12(b)(6), is granted.
IT IS FURTHER ORDERED that since this Court declines to exercise supplemental jurisdiction over the remaining state law claims, defendants' motion to dismiss Count Two (2) (fraud), Count Three (3) (civil conspiracy), Count Four (4) (negligence), Count Five (5) (violation of the New Jersey Consumer Protection Act), Count Six (6) (negligent misrepresentation) and Count Seven (7) (strict liability), pursuant to Fed.R.Civ.P. 12(b)(6) is granted.
SO ORDERED.
NOTES
[1] Incorrectly referred to as Jacob, Medinger, Finnegan and Hart in the complaint.
[2] Rule 12(b)(6):

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
(6) failure to state a claim upon which relief may be granted....
[3] Rule 9(b):

(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
[4] § 1331. Federal question.

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
[5] Executrix and administrator for the estate of Jerold Kessel.
[6] Accordingly, this court need not address whether plaintiffs' fraud claim, count two (2), was stated with the requisite particularity required under Fed.R.Civ.P. 9(b) or whether, as defendants claim, the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 to -11 (1987 & Supp.1997), is plaintiffs' sole basis for relief in state court.